## Richard Leonard v. The State.

1. A person who knowingly sells counterfeit coin is guilty under the act of April 12, 1858, "to prevent the selling and bartering of counterfeit coin," etc., although he may, by fraud, have induced the purchaser to buy in the belief that the coin was genuine.

2. It is not necessary in an indictment under said act to aver that the sale was made with an intent to defraud.

Motion for the allowance of a writ of error to the Court of Common Pleas of Scioto county.

The plaintiff was convicted and sentenced for selling counterfeit coin.

The indictment charges that the plaintiff in error, " un-lawfully, feloniously, and with intent to defraud, did sell :and dispose of to one George Miller a certain false, forged, and counterfeit coin, made in the likeness and similitude of a silver Mexican dollar, a coin currently passing as money in the State of Ohio, he, the said Leonard, then and there well knowing said false, forged, and counterfeit coin to be false, forged, and counterfeit."

It was proved on the trial that the coin described in the indictment was sold to Miller for ninety cents by the plaintiff in error, the latter representing the coin to be an " old pocket-piece," and good money ; and that Miller purchased it believing said representations to be true.

The court, in substance, instructed the jury, that before they could find the defendant guilty, the state must prove a sale of counterfeit coin as described in the indictment, and that at the time of the sale the defendant knew that the coin he was selling was counterfeit ; but that the state was not required to prove that Miller knew, when he bought the coin, that it was counterfeit.

On the contrary, the court told the jury that the fact that Miller believed the coin to be genuine when he purchased it, would not entitle the defendant to an acquittal.

It is claimed that these instructions are erroneous, and that the facts proved do not constitute the offense described in the indictment.

*Moore & Newman,* for plaintiff in error.
*W. W. Farnham,* prosecuting attorney, for the state.

WHITE, J. The indictment is drawn under the act of April 12, 1858, entitled an " act to prevent the selling and bartering of counterfeit coin," etc. S. & C. 425.

The act is not an amendment to the crimes act, but an independent act, and is as follows :

" That if any person shall sell, barter, or in any way dispose of, any false, forged, or counterfeit coin, made in the likeness and similitude of any of the gold, silver, or

copper coin or coins currently passing in the state, . . . knowing the same to be false, forged, or counterfeit, every person so offending shall be deemed guilty of a misdemeanor."

It is claimed for the plaintiff in error that, in order to convict under this act, the transaction must not only be a. sale of counterfeit coin, but that it must have been sold by the seller and received by the buyer *as such.* That, although the coin sold may in fact be counterfeit to the knowledge of the seller, yet if he effects the sale by false representations as to its genuineness, the transaction is not a sale within the act.

It is not claimed that if the counterfeit character of the coin is known to the buyer, that any false representations as to its quality will affect the criminality of the transaction.

As a general rule, fraud practiced by the seller in effecting the sale of an article, does not destroy the character of the transaction as a sale. It is no less a sale, though fraudulently effected, unless the purchaser elects to rescind.

The offense charged is to be determined by the terms of the statute. The operative words are "sell, barter, or in any way dispose of;" and these words must be construed according to their popular acceptation, unless good reason is shown for giving them a different construction.

Genuine coin is susceptible of being made an article of sale, as contradistinguished from being passed as money in the way money is ordinarily used; and if parties, in a given instance, adopt that mode of transfer, we see no reason why the transaction may not be regarded in law as the parties intended it.

The ground on which counsel for the plaintiff in error base their claim is, that the act now in question should receive the same construction that has been given by the court in several cases to section 29 of the crimes act of 1835. *Van Valkenburg* v. *The State,* 11 Ohio, 404; *Hutchins* v. *The State,* 13 Ohio, 198; *Bevington* v. *The State,* 2 Ohio St. 161.

That construction arose from the connection of section 29 with section 22 of the same act. Section 22 provided for

the uttering or publishing *as true and genuine* of any false, forged, or counterfeited bank note or notes, *with intent to defraud* any person or persons. In view of the language of section 22, it was held that section 29 had reference to the sale and disposition of false, forged, and counterfeit bank notes *as such,* and *not* as genuine notes.

It is claimed that the act now in question bears the same relation to section 28 of the act of 1835, as section 29 bears to section 22; and consequently the act in question and section 29 should have the same operation. But section 28 and the provision in question are found in independent acts, and the provisions above referred to, as contained in the 22d section of the act of 1835, are not found in the 28th section.

The 28th section provides: "That if any person shall counterfeit any of the coins of gold, silver, or copper currently passing in this state; or shall . . . . put off counterfeit coin or coins, knowing them to be such, . . . every person so offending shall be deemed guilty of a misdemeanor." . . .

In view, therefore, of the marked difference in the language of sections 22 and 28, a majority of the court are not disposed to apply the same limited construction to the act of 1858 that has been applied to section 29 of the act of 1835. But, on the contrary, to hold that where a sale of counterfeit coin has been made by a party knowing it to be counterfeit, the circumstance that the sale was also a fraud on the buyer will not prevent the guilty party from being prosecuted as a seller under the act of 1858.

The traffic is no less guilty on the part of the seller than it would be if the buyer knew of the counterfeit character of the coin.

*Motion overruled.*